**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
**CABLEVISION SYSTEMS NEW YORK**
**CITY CORPORATION,**

                        **Plaintiff,**

      - against-

**JOHN PINTO a/k/a JOHN PINTO**
**INGIANNI,**

                        **Defendant.**
------------------------------------------------------------x

**ORDER**
**03-CV-2150 (NG) (RML)**

**GERSHON, United States District Judge:**

      Plaintiff Cablevision Systems New York City Corporation brings this action against defendant John Pinto, alleging that defendant (1) used cable television decoding devices to intercept and obtain unauthorized reception of Cablevision's cable television programming services, in violation of 47 U.S.C. §§ 553(a)(1) and 605(a); and (2) sold and distributed cable television decoding devices to enable others to intercept and obtain unauthorized reception of Cablevision's cable television programming services, in violation of 47 U.S.C. §§ 553(a)(1) and 605(a) & (e)(4). Defendant has stipulated to liability for the first claim, and plaintiff now moves for partial summary judgment on its remaining claim pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendant has not responded to plaintiff's motion. Therefore, plaintiff's motion will be treated as unopposed.

# I. BACKGROUND

## A. Facts

The facts, as supported by the evidence provided by Cablevision, are as follows:[1] Cablevision owns, operates, and maintains cable television systems in, among other places, Kings County, New York. To ensure the integrity of its cable services, Cablevision uses the technological measure of scrambling the premium and pay-per-view cable services it transmits. Cablevision provides each subscriber purchasing its services with a converter that is programmed to descramble only those services that the customer has purchased. However, it is still possible to steal Cablevision's premium and pay-per-view services by use of decoding devices, which are designed to descramble premium cable services without payment or authorization.

In an action against North Tech, Inc., a now defunct seller of decoding devices, Cablevision obtained twelve invoices reflecting North Tech's sales of decoding devices to defendant. An investigation by Cablevision revealed that defendant purchased twenty-one decoding devices from North Tech. In his deposition testimony, defendant acknowledged that he subscribed to basic cable services and that he purchased the first decoding device knowing that he would be able to view Cablevision's premium and pay-per-view programming without having to pay for them. Defendant also admitted to giving a decoding device to at least one individual, Jimmy Luong.

## B. Procedural History

Cablevision commenced this action on May 5, 2003, pursuant to 47 U.S.C. §§ 553(a)(1) and 605(a) & (e)(4), alleging that defendant used, sold and distributed cable television decoding devices

---

[1] To support its statement of facts, Cablevision provided, *inter alia*, an affidavit by Donald Kempton, Manager of Investigations in Cablevision's security department, various receipts for decoding device purchases, defendant's deposition testimony, and a stipulation of liability which both Cablevision and plaintiff executed.

to intercept and obtain and enable others to intercept and obtain unauthorized reception of Cablevision's cable television programming services.

On June 16, 2005, the parties entered into a "Stipulation of Liability," which has been so ordered by the court. The parties stipulated to the following:

1. Pinto admits that he purchased and received two decoding devices from North Tech.
2. Pinto was a Cablevision subscriber at his present address during the time period relevant to this action, and he purchased the Basic Cable level of service, which does not include the right to access any premium or pay-per-view programming services.
3. Pinto attached one of the decoding devices to his television set and Cablevision's cable system.
4. By using the decoding device, Pinto received Cablevision's premium cable television services without payment or authorization.
5. Pinto never had Cablevision's permission to attach to its system any of the devices that he received from North Tech.

Thus, pursuant to the stipulation, defendant has admitted liability for the first claim, intercepting and obtaining unauthorized reception of Cablevision's programming services.

Cablevision now moves for partial summary judgment against defendant on the remaining claim, distributing cable television decoding devices to enable others to intercept and obtain unauthorized reception of Cablevision's programming services.

## II. DISCUSSION

### A. Summary Judgment Standard

A court may grant a motion for summary judgment when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Lipton v. Nature Co.*, 71 F.3d 464, 469 (2d Cir.1995). The moving party bears the burden on a motion for summary judgment. *Id.* In deciding such a motion, the court must view the facts in the light most favorable to the party

opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Where the nonmoving party has chosen not to respond to a motion for summary judgment, the court must still examine the moving party's submission to determine if it has met its burden of demonstrating that there is no material issue of fact and whether it is entitled to judgment as a matter of law. *CSC Holdings, Inc. v. Kelly*, 374 F. Supp. 2d 303, 305 (E.D.N.Y. 2005). In determining whether the moving party in an unopposed motion for summary judgment has met its burden, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement; rather, it must be satisfied that the citation to evidence in the record supports the assertions. *Id.*

**B.    Analysis**

Plaintiff's second claim alleges that defendant violated 47 U.S.C. §§ 553 (a)(1) and 605(a) & (e)(4) by distributing cable television decoding devices to enable others to intercept and obtain unauthorized reception of Cablevision's cable television programming services.

To establish a violation of section 553(a)(1) for assisting in the unauthorized reception of cable services, plaintiff must prove: (1) that defendant assisted others in intercepting or receiving Cablevision's programming services; (2) the services were communications services offered via a cable system; and (3) that reception of Cablevision's programming was without authorization. To establish a violation of section 605(a), Cablevision must prove that: (1) defendant intercepted or received or assisted others in receiving Cablevision's programming; and (2) Cablevision's programming is a form of interstate or foreign radio communication. Finally, to establish a violation of section 605(e)(4), Cablevision must prove that: (1) defendant modified, sold, or distributed any electronic, mechanical, or other device or equipment; and (2) he knew or had reason to know that the device or equipment was primarily of assistance in the unauthorized decryption of satellite cable programming or any activity

4

violating section 605(a).

In addition to the Stipulation of Liability, plaintiff relies on defendant's deposition testimony, as well as on unchallenged records, to demonstrate that defendant purchased twenty-one decoding devices and that defendant transferred one of those decoders to another individual, knowing that it would be utilized to intercept Cablevision's programming without authorization. There is no evidence to controvert the facts offered, or the reasonable inferences to be drawn therefrom, including that defendant purchased twenty-one decoders for purposes of unlawful distribution. Therefore, the undisputed facts establish that defendant distributed cable television decoding devices to enable others to intercept and obtain unauthorized reception of Cablevision's cable television programming services, in violation of 47 U.S.C. §§ 553 (a)(1) and 605(a) & (e)(4).

### III. CONCLUSION

Plaintiff's motion for partial summary judgment is granted. Liability on both of plaintiff's claims is therefore established. The case is referred to Magistrate Judge Robert M. Levy for a report and recommendation to determine the scope of relief, including declaratory and injunctive relief, damages, interest, costs, and attorney's fees, if any, owed to plaintiff on its claims.

**SO ORDERED.**

  /s/ *Nina Gerhson*
**NINA GERSHON**
**United States District Judge**

Dated: September 29, 2006
    Brooklyn, New York